IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KAAN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 3:03-CV-03197 |
| ) | |
| INDIANA INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT INDIANA INSURANCE COMPANY'S MOTION IN LIMINE

COMES NOW defendant, Indiana Insurance Company, by and through its undersigned attorneys, John P. Cunningham and Brown & James, P.C., and moves this Honorable Court for an Order in Limine requesting exclusion of all testimony or evidence relating to the following matters, from voir dire, opening statement, plaintiff's case, rebuttal, closing argument, and any other part of the trial, for the following reasons:

1.   Plaintiff may attempt to offer testimony regarding the origin and/or cause of the fire that occurred at the Plaintiff's business on July 9, 2001.  However, such testimony should be excluded as Plaintiff has failed to identify any qualified opinion witnesses to testify to this subject and lay opinion testimony on these subjects is improper.

In <u>Bloomgren v. Fire Insurance Exchange</u>, 517 N.E.2d 290 (3rd Dist. 1987), the Court held that a voluntary fireman's testimony and report as to the cause of origin of a fire was inadmissible based on the fireman's lack of proper qualifications.  Any evidence presented regarding the cause and origin of the fire is only proper if offered by a qualified expert.  Therefore, Plaintiff should not be allowed to render opinions as to probable causes for the fire.

Moreover, since Plaintiff has not complied with Federal Rule of Civil Procedure 26(a)(2) to name any qualified witness to testify as to the issue of cause and origin, Plaintiff should be precluded from calling any witnesses to give opinions as to the cause or origin of the fire.

2. Plaintiff may attempt to offer testimony regarding the decision by the State's Attorney's Office, or any other federal, state, or municipal governmental agency, not to file criminal charges against the Plaintiff in the present case. However, such evidence is inadmissible.

Illinois law clearly establishes that evidence of an individual's prior acquittal in an arson criminal trial is inadmissible in a subsequent civil trial. C.L. Maddox v. Royal Ins. Co. of America, 567 N.E.2d 749 (5th Dist. 1991). In Maddox, the Court reasoned that "an acquittal might merely mean that the offense was not proved beyond all reasonable doubt, the acquittal is of no relevance in a civil proceeding where the facts need only be proved by the greater weight of the evidence." Id. at 758.

The failure to charge the Plaintiff with criminal arson cannot be relevant to the present civil action. The decision not to charge the Plaintiff may only reflect a perceived inability to prove arson beyond a reasonable doubt. As such the testimony is irrelevant and will have a tendency to confuse the finder of fact.

WHEREFORE defendant, Indiana Insurance Company, respectfully requests this Court to enter its Order in Limine directing and instructing Plaintiff, and its attorneys, to refrain from mentioning during voir dire, opening statement, or at any other time, or from presenting any evidence of any of the matters as outlined above.

/s/ John P. Cunningham
John P. Cunningham, #6193598
Brown & James, P.C.
Attorney for Defendant
Richland Plaza 1
525 W. Main Street, Suite 200
Belleville, Illinois 62220-1547
618-235-5590; 618-235-5591 (Fax)

## AFFIDAVIT OF SERVICE

I, the undersigned, on the 15th day of April, 2005, electronically filed this document with the United States District Court, Central District of Illinois which will send electronic notification to each of the following:

Mr. Gordon Gates
Gates, Wise & Schlosser, P.C.
1231 South Eighth Street
Springfield, IL 62703

A copy of this document is available for viewing and downloading from the ECF system.

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ John P. Cunningham

7761975