E-FILED
Friday, 15 April, 2005   12:03:38 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KAAN, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No.: 3:03-CV-03197 |
| INDIANA INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

### DEFENDANT INDIANA INSURANCE COMPANY'S MOTION TO BAR UNDISCLOSED WITNESSES AND EVIDENCE

COMES NOW defendant, Indiana Insurance Company, by and through its undersigned attorneys, John P. Cunningham and Brown & James, P.C., and for its Motion to Bar Undisclosed Witnesses and Evidence, states as follows:

**I.   Plaintiff failed to comply with the requirements of Federal Rule of Civil Procedure 26(a)(1), and should therefore be barred from presenting any witnesses or evidence not so disclosed.**

1. Federal Rule of Civil Procedure 26(a)(1) requires parties to serve upon one another Initial Disclosures. Specifically, a party must disclose the name and, if known, the address and telephone number of each individual likely to have discoverable information which that party may use to support its claims or defenses, identifying the subjects of the information; a copy or description of all documents, data compilations, and tangible things that party may use to support its claims or defenses; a computation of any category of damages claimed by that party; and identifying any insurance agreement which may be available to satisfy part or all of a judgment. See Federal Rule of Civil Procedure 26(a)(1)(A) – (D). Defendant Indiana Insurance Company served its Initial Disclosures upon Plaintiff on December 10, 2003.

2. To date, Plaintiff has failed to serve any Initial Disclosures upon the Defendant.

3. Pursuant to Federal Rule of Civil Procedure 37(c)(1), a party that without substantial justification fails to disclose information required by Rule 26(a) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

4. Additional sanctions for failure to comply with the requirements of Rule 26(a) include prohibiting the non-complying party from supporting or opposing designated claims or defenses or introducing designated matters into evidence; striking out pleadings of the non-complying party; dismissing the action; or rendering a judgment by default against the non-complying party. See Federal Rule of Civil Procedure 37(c)(1). See also Qualls v. Widnall, 221 F.3d 1339, 2000 WL 868602 (7th Cir. 2000). In Qualls, the Plaintiff failed to file Rule 26 Initial Disclosures, or respond to the other party's discovery requests, until six days before the trial. Id. at 1. The Seventh Circuit affirmed the District Court's Order under Rule 37(c)(1) precluding the Plaintiff from presenting any evidence not disclosed through Rule 26(a)(1) Initial Disclosures. Id. at 2. Additionally, the Seventh Circuit also affirmed the District Court's Order under Rule 37(b)(2)(C) dismissing the Plaintiff's cause of action for failure to comply with Rule 26(a). Id. at 2.

5. "The purpose to Rule 26 is to prevent any unfair, prejudicial surprise." Ridge Chrysler Jeep, LLC v. Daimler Chrysler Services North America, LLC, 2004 WL 3021842, 3 (N.D.Ill. 2004). Defendant has investigated and prepared this case for trial without the benefit of Plaintiff's Initial Disclosures. To allow Plaintiff to now present

witnesses or evidence not previously disclosed would be unfair and prejudicial to Defendant.

6. As the Plaintiff has failed to file Rule 26(a)(1) Initial Disclosures, Defendant Indiana Insurance Company moves this Court to enter its Order precluding Plaintiff from presenting any witnesses or evidence not disclosed in accordance with Federal Rule of Civil Procedure 26.

II. **Plaintiff failed to provide answers to Interrogatories served pursuant to Federal Rule of Civil Procedure 33, and should therefore be barred from presenting any witnesses or evidence not so disclosed.**

7. Federal Rule of Civil Procedure 33 allows parties to serve upon one another written Interrogatories, which are to be answered by the party served within 30 days after the service of said Interrogatories. On May 4, 2004, Defendant Indiana Insurance Company served upon Plaintiff Interrogatories as allowed by Rule 33.

8. On January 13, 2005, Defendant corresponded with Plaintiff's attorney in a good faith attempt to obtain answers to the Interrogatories. See correspondence dated January 13, 2005 attached hereto as Exhibit 1. To date, Plaintiff has failed to provide answers to Defendant's Interrogatories.

9. Pursuant to Federal Rule of Civil Procedure 37(d), if a party fails to provide answers to Interrogatories submitted under Rule 33, a court may issue an order that the matters or any other designated facts shall be taken to be established for the purposes of the action; refuse to allow the party to support or oppose designated claims or defenses, or introduce designated matters into evidence; strike the party's pleadings; dismiss the action; render a judgment by default against the non-complying party; or any such orders in regard to the failure as are just.

10. Pursuant to Rule 37(d), sanctions may be awarded if there is a serious failure to respond to discovery requests, even in the absence of a prior court order. R.F. Barron Corp. v. Nuclear Fields (Australia) Pty. Ltd., No. 91-C-7610, 1993 WL 524255, 2 (N.D.Ill. December 10, 1993).

11. As the Plaintiff has failed to file its required responses to Defendant's Rule 33 Interrogatories, Defendant Indiana Insurance Company moves this Court to enter its Order precluding Plaintiff from presenting any witnesses or evidence not disclosed in accordance with Federal Rule of Civil Procedure 33.

**III. Plaintiff failed to comply with the requirements of Federal Rule of Civil Procedure 26(a)(3), and should therefore be barred from presenting any witnesses or evidence not so disclosed.**

12. Federal Rule of Civil Procedure 26(a)(3) requires parties to serve upon one another Pretrial Disclosures at least 30 days before trial. Specifically, a party must disclose the name, address and telephone number of each witness, identifying those whom the party expects to present, and those the party may call if the need arises; the designation of those witnesses whose testimony is expected to be presented by means of a deposition; and identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises. See Federal Rule of Civil Procedure 26(a)(3)(A) – (C). Defendant Indiana Insurance Company served its Pretrial Disclosures upon Plaintiff on April 1, 2005.

13. To date, Plaintiff has failed to serve any Pretrial Disclosures upon the Defendant.

14. Pursuant to Federal Rule of Civil Procedure 37(c)(1), a party that without substantial justification fails to disclose information required by Rule 26(a) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

15. Additional sanctions for failure to comply with the requirements of Rule 26(a) include prohibiting the non-complying party from supporting or opposing designated claims or defenses or introducing designated matters into evidence; striking out pleadings of the non-complying party; dismissing the action; or rendering a judgment by default against the non-complying party. Federal Rule of Civil Procedure 37(c)(1). See also Qualls v. Widnall, 221 F.3d 1339, 2000 WL 868602 (7th Cir. 2000). In Qualls, the Plaintiff failed to file Rule 26 Initial Disclosures, or respond to the other party's discovery requests, until six days before the trial. Id. at 1. The Seventh Circuit affirmed the District Court's Order under Rule 37(c)(1) precluding the Plaintiff from presenting any evidence not disclosed through Rule 26(a)(1) Initial Disclosures. Id. at 2. Additionally, the Seventh Circuit also affirmed the District Court's Order under Rule 37(b)(2)(C) dismissing the Plaintiff's cause of action for failure to comply with Rule 26(a). Id. at 2.

16. "The purpose to Rule 26 is to prevent any unfair, prejudicial surprise." Ridge Chrysler Jeep, LLC v. Daimler Chrysler Services North America, LLC, No. 03-C-760, 2004 WL 3021842, 3 (N.D.Ill. December 30, 2004). To allow Plaintiff to now present witnesses or evidence not previously disclosed would be unfair and prejudicial to Defendant.

17. As the Plaintiff has failed to file Rule 26(a)(3) Pretrial Disclosures, Defendant Indiana Insurance Company moves this Court to enter its Order precluding Plaintiff from presenting any witnesses or evidence not disclosed in accordance with Federal Rule of Civil Procedure 26.

WHEREFORE, for the foregoing reasons, Defendant Indiana Insurance Company prays This Court enter its Order precluding Plaintiff from presenting any witnesses or evidence not disclosed in accordance with Federal Rules of Civil Procedure 26 and 33, and further striking Plaintiff's pleadings and dismissing Plaintiff's cause of action with prejudice, and for all such other relief this Court deems equitable and just.

/s/ John P. Cunningham
John P. Cunningham, #6193598
Brown & James, P.C.
Attorney for Defendant
Richland Plaza 1
525 W. Main Street, Suite 200
Belleville, Illinois 62220-1547
618-235-5590; 618-235-5591 (Fax)

## AFFIDAVIT OF SERVICE

I, the undersigned, on the 15th day of April, 2005, electronically filed this document with the United States District Court, Central District of Illinois which will send electronic notification to each of the following:

Mr. Gordon Gates
Gates, Wise & Schlosser, P.C.
1231 South Eighth Street
Springfield, IL 62703

A copy of this document is available for viewing and downloading from the ECF system.

   Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ John P. Cunningham

7761955

3:03-cv-03197-JES-BGC   # 20   Page 7 of 7