E-FILED
Friday, 15 April, 2005  12:07:34 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KAAN, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Cause No.: 3:03-CV-03197 |
| | ) |
| INDIANA INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

### DEFENDANT INDIANA INSURANCE COMPANY'S MOTION
### TO BAR WITNESS PAUL ABRAMS

COMES NOW Defendant, Indiana Insurance Company, by and through its undersigned attorneys, John P. Cunningham and Brown & James, P.C., and for its Motion to Bar Witness Paul Abrams, states as follows:

1. Federal Rule of Civil Procedure 26(a)(2) requires parties to serve upon one another a Disclosures of Expert Testimony. Specifically, for each retained expert witness, a party must provide a written report prepared and signed by the witness containing a complete statement of all opinions to be expressed and the basis therefor; the data or other information considered by the witness in forming the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Federal Rule of Civil Procedure 26(a)(2)(B). Defendant Indiana Insurance Company served its Disclosures of Expert Testimony upon Plaintiff on April 30, 2004.

2. On February 26, 2004, Plaintiff served upon Defendant its purported Rule 26(a)(2) Disclosures, which failed to comply with the requirements imposed by the Rule. Plaintiff's Rule 26(a)(2) Disclosures named Paul J. Abrams as an expert witness, and stated as follows:

> "Mr. Abrams is a public adjuster. He assisted in the preparation of a written report that has already been provided to Defendant. Mr. Abrams was disclosed by the Defendant in Defendant's Rule 26(a)(1) disclosures as an individual likely to have information relevant to the case. It is likely that Mr. Abrams will be called to offer opinion testimony on behalf of the plaintiff regarding his reports and the contents contained therein."

See Plaintiff's Rule 26(a)(2) Disclosures, attached hereto as Exhibit 1.

3. Plaintiff failed to attach a written report signed by its named witness, Mr. Paul Abrams, instead stating that Mr. Abrams assisted in the preparation of a report already provided to Defendant. Plaintiff failed to specifically identify what materials Mr. Abrams would testify to and what his specific opinions were. In fact, Defendant cannot ascertain what alleged "report" Plaintiff is referring to. The alleged report is not identified by name or date, or any other description.

4. It appears that Mr. Abrams assisted the Plaintiff in preparing the Proofs of Loss and supporting documentation for its insurance claim presented to Defendant. See Correspondence and enclosed Proof of Loss from Paul Abrams to Defendant dated April 12, 2002, attached hereto as Exhibit 2. See also Correspondence and enclosed Proof of Loss from Paul Abrams to Defendant dated July 7, 2002, attached hereto as Exhibit 3. These materials in no way constitute a report as required by the Rule. The Proof of Loss is merely a sworn statement written and signed by Plaintiff as to the amount of the loss claimed by Plaintiff. See Exhibit 2 and Exhibit 3. It is not written and

signed by the witness Mr. Abrams. It fails to contain a statement of the opinions to be expressed and the basis therefor. Mr. Abrams may have assisted Plaintiff in preparing the attached Proofs of Loss, but he himself did not author or sign it. Mr. Abrams may have prepared and signed the cover letter forwarding the Proofs of Loss to Defendant, but this correspondence in no way rises to the level of the report required by Rule 26(a)(2). Further, Mr. Abrams did not actually sign the letters. "[T]he report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness." Manning v. Crockett, 1999 WL 342715,2 (N.D.Ill. 1999) citing Advisory Committee Notes to the 1993 Amendments to Rule 26.

    5.    "The purpose to Rule 26 is to prevent any unfair, prejudicial surprise." Ridge Chrysler Jeep, LLC v. Daimler Chrysler Services North America, LLC, 2004 WL 3021842, 3 (N.D.Ill. 2004). The testimony of Mr. Abrams is in no way reflected in the Proofs of Loss. It is impossible for Defendant to know what Mr. Abrams may testify to, thereby prejudicing Defendant in its preparation for trial.

    6.    Additionally, Plaintiff fails to provide the qualifications of Mr. Abrams, merely stating in its Disclosure that he is a public adjuster. No information regarding his education, training or employment background is provided. No curriculum vitae for Mr. Abrams is attached. Additionally, Plaintiff fails to state whether Mr. Abrams has authored any publications within the preceding ten years or if he has testified as an expert at trial or by deposition within the preceding four years. Finally, Plaintiff fails to provide the compensation to be paid to the witness. Plaintiff has failed to comply with the requirements of Rule 26(a)(2) in all respects.

7.      Pursuant to Federal Rule of Civil Procedure 37(c)(1), a party that without substantial justification fails to disclose information required by Rule 26(a) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion, any witness or information not so disclosed.  See also Dataquill Limited v. Handspring, Inc. et al., 2003 WL 737785 (N.D.Ill. 2003).  The Dataquill Court granted a motion to strike the plaintiff's expert after finding that the expert's report failed to comply with Rule 26(a)(2). Id. At 4.  The expert's report failed to state the basis for his opinions and the reasons therefore.  Id.  Additionally, large portions of the report consisted of the plaintiff's verbatim interrogatory responses, casting doubt as to whether the expert actually prepared the report.  Id.

8.      As the Plaintiff's Rule 26(a)(2) Disclosures fail to comply with the requirements imposed by the Rule, Defendant Indiana Insurance Company moves this Court to enter its Order precluding Plaintiff from presenting Paul J. Abrams as a witness at trial.

WHEREFORE Defendant Indiana Insurance Company prays this Court enter its Order precluding Plaintiff from presenting Paul J. Abrams as a witness, and for all such other relief this Court deems equitable and just.

/s/ John P. Cunningham
John P. Cunningham, #6193598
Brown & James, P.C.
Attorney for Defendant
Richland Plaza 1
525 W. Main Street, Suite 200
Belleville, Illinois 62220-1547
618-235-5590
618-235-5591 (Fax)

## AFFIDAVIT OF SERVICE

I, the undersigned, on the 15th day of April, 2005, electronically filed this document with the United States District Court, Central District of Illinois which will send electronic notification to each of the following:

Mr. Gordon Gates
Gates, Wise & Schlosser, P.C.
1231 South Eighth Street
Springfield, IL 62703

A copy of this document is available for viewing and downloading from the ECF system.

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ John P. Cunningham

7753859